FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 OCT -5 PM 2:28

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ITALTRADE INTERNATIONAL USA, L.L.C. AND AMJAD ZAK IMAM** | * * * | CIVIL ACTION |
| | * | NO. 00-2458 |
| **Plaintiffs,** | * * | SECTION "T" MAG. (4) |
| **VERSUS** | * * | JUDGE |
| **SRI LANKA CEMENT CORPORATION PUTTALAM CEMENT CORPORATION PUTTALAM CEMENT COMPANY, LTD HOLDERBANK FINANCIERE GLARUS, AG; and Her Excellency CHANDRIKA BANDARANAIKE KUMARATUNGA In her representative capacity as President of the Socialist Republic of Sri Lanka** | * * * * * * * * * * | G. THOMAS PORTEOUS, JR.  MAGISTRATE JUDGE KAREN WELLS ROBY |
| **Defendants.** | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR ORAL ARGUMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant Puttalam Cement Company, Ltd. ("PCCL"), and respectfully requests that the Court grant oral argument on its Motion to Dismiss in the captioned action,



pursuant to Local Court Rule 78.1. The hearing on the Motion is currently set for October 10, 2001.

In support of its Request for Oral Argument on its Motion, PCCL shows as follows:

PCCL, a Sri Lankan company, has no contacts with the State of Louisiana or anywhere else in the United Sates. Its Motion to Dismiss is based on the lack of this Court's *in personam* jurisdiction over PCCL and on the absence of proper venue here. In plaintiffs' Memorandum in Opposition to the Motion, they misconstrue the governing statutes, fail to discuss the most appropriate case law and make factual suggestions that are unfounded. PCCL desires an opportunity to redress the problems with plaintiffs' Opposition, and oral argument will greatly assist in clarifying the issues.

First, the plaintiffs misconstrue the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") (see 9 U.S.C. § 201 et seq.) and the United States Arbitration Act, 9 U.S.C. §§ 1-16, which apply to this action. The plaintiffs erroneously contend that the Convention and Arbitration Act authorize United States Courts to act against foreign entities even when the Courts do not have *in personam* jurisdiction over them. Second, the plaintiffs seek to bolster this contention by discussing Court decisions that do not at all address the issue of personal jurisdiction. The plaintiffs avoid mention of the decisions that do address the issue, and these decisions require that American Courts have *in personam* jurisdiction over foreign parties consistent with due process protections. Third, the plaintiffs erroneously argue that, in any event, the alleged national contacts of PCCL's parent company should be attributed to PCCL for purposes of the due process analysis. Plaintiffs erroneously suggest that PCCL's parent company has contacts with the United States. Fourth, plaintiffs have ignored the proper venue analysis.

For the foregoing reasons, PCCL respectfully urges the Court to allow Oral Argument on PCCL's Motion to Dismiss.

>Respectfully submitted,
>
>**LAMOTHE & HAMILTON**
>A Professional Law Corporation
>
>_____
>**Charles E. Hamilton, III, T.A. (#6459)**
>**Karen Edginton Milner (#8499)**
>**Thomas J. Cortazzo (#18174)**
>601 Poydras Street, Suite 2750
>New Orleans, LA 70130
>Telephone: (504) 566-1805
>Fax: (504) 566-1569
>
>*Attorneys for Defendant*
>*Puttalam Cement Company, Ltd.*

### CERTIFICATE OF SERVICE

A copy of the foregoing pleading has been served on all parties through their counsel of record via facsimile and by depositing same in the United States mail, properly addressed and postage prepaid, this ___5th___ day of October, 2001.

_____